IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HARLOW AIRCRAFT
MANUFACTURING, INC.,

        Plaintiff,

vs.                                    Case No. 04-1377-JTM

DAYTON MACHINE TOOL COMPANY,
AND MD TOOL CORPORATION d/b/a
DAYTON MACHINE TOOL COMPANY,

        Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the court on the plaintiff's Motion to Remand to State Court (Dkt. No. 9) and plaintiff's Motion to Strike Defendant's Amended Notice of Removal (Dkt. No. 19). Plaintiff argues that defendant MD Tool Corporation improperly removed this action because it did not properly join co-defendant Dayton Machine Tool Company (hereafter "Dayton Machine") in its notice of removal. In the alternative, plaintiff argues that the amended notice should be struck because it was not filed 30 days after the first defendant was served in this action. Defendant MD Tool responds that since the state court filings did not indicate that Dayton Machine was served, MD Tool did not have to procure consent.

**I. BACKGROUND**

On December 3, 2004, defendant MD Tool Corporation filed a Notice of Removal from the Eighteenth Judicial District, District Court of Sedgwick County, Kansas (hereafter "state

court"). The action stems from an alleged breached of contract, and plaintiff seeks to recover $129,000 in damages. In relation to the removal, the relevant dates and events are as follows:

1. On August 6, 2004, plaintiff filed its petition in state court, asserting claims against both MD Tool and Dayton Machine, a dissolved corporation.

2. MD Tool was served with the petition on November 8, 2004.

3. Plaintiff filed the return on service (affidavit of service) for MD Tool on November 16, 2004.

4. On November 24, 2004, MD Tool's counsel entered an appearance in state court.

5. On November 28, 2004, defendant Dayton Machine was served with the petition through David Montgomery, Dayton Machine's president and statutory agent, as well as a director and officer, and Judy Montgomery, a director and officer.

6. On December 1, 2004, affidavits of service for Dayton Machine were filed in state court.

7. On December 2, 2004, Rebecca Plush, Mr. Lang's and Ms. Decker's legal secretary, contacted the Civil Department of the Sedgwick County, Kansas Clerk's Office and inquired whether a return on service had been filed for Dayton Machine. Affidavit of Rebecca L. Plush, ¶5, Exhibit B. A representative of the clerk's office informed Ms. Plush that two affidavits of service had been filed for MD Tool and further stated that no return on service had been filed for Dayton Machine. Id.

8. After receiving confirmation from the state court's clerk's office that no return on service had been filed for Dayton Machine, MD Tool proceeded to file a notice of removal on December 3, 2004.

2

9. On December 6, 2004, per Ms. Decker's instructions, Ms. Plush retrieved the State Court file and copied its contents for filing with this court. Affidavit of Rebecca L. Plush, ¶6. On that date, no return on service or affidavit of service for Dayton Machine appeared in the state court file. Id. See also State Court Records, Dkt. #5. On that same date, Ms. Decker electronically filed the contents of the state court file as "State Court Records" with this court.

10. On December 9, 2004, Ms. Matthews entered an appearance on behalf of plaintiff. The certificate of service attached to the entry of appearance indicated it had only been served on MD Tool's Counsel; no representative of Dayton Machine appeared on the certificate of service. Id.

11. On December 15, 2004, plaintiff electronically filed affidavits of service for service on Dayton Machine. Both affidavits of service bear a state court file stamp of December 1, 2004. MD Tool alleges that this is the first notice it had that Dayton Machine had been served.

12. On December 16, 2004, plaintiff filed its motion to remand this action to state court.

13. On December 28, 2004, plaintiff filed an amended notice of removal, which stated that Dayton Machine consented to the removal.

## II. NOTICE OF REMOVAL

To remove an action pending in state court to federal court, a defendant must comply with the procedure outlined in 28 U.S.C. § 1446. The statute provides:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant,

whichever period is shorter.

28 U.S.C. § 1446(b). "The burden of showing the propriety of removal rests with the removing party." First Nat. Bank & Trust Co. in Great Bend v. Nicholas, 768 F. Supp. 788, 790 (D. Kan. 1991); Cohen v. Hoard, 696 F. Supp. 564, 565 (D. Kan. 1988). A party has thirty days after receipt by defendant through service or otherwise to file the notice of removal. 28 U.S.C. § 1446(b). In cases with multiple defendants, the District of Kansas follows the first served rule, which measures the thirty days from the date the first defendant received service as provided by the statute. McShares, Inc. v. Barry, 979 F. Supp. 1338, 1343 (D. Kan. 1997) (citing Getty Oil Corp. v. Insurance Co. of North America, 841 F.2d 1262, 1263 (5th Cir. 1988); Scheall v. Ingram, 930 F.Supp. 1448, 1449 (D. Colo. 1996)). Although not expressly stated in the statute, a notice of removal fails unless all defendants join it. McShares, 979 F. Supp at 1342 (citations omitted). Failure to follow the unanimity rule renders the petition procedurally defective and justifies remand to state court. Id.

However, "exceptions exist for the non joinder of nominal, unknown, unserved or fraudulently joined defendants." Id. citing Balazik v. County of Dauphin, 44 F.3d 209, 213 n. 4 (3rd Cir. 1995). "[A] defendant who has not been served need not join in or consent to removal." See Cramer v. Devera Management Corp., 2004 WL 1179375, at *2 (D. Kan. 2004) (citing Gillis v. La., 294 F.3d 755, 759 (5th Cir. 2002)). The exception rests on the "bedrock principle" that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." Id. (citing Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999)). Removal statutes are strictly construed and doubts are resolved in favor of

remand.  Ortiz v. Biscanin, 190 F. Supp. 2d 1237, 1241 (D. Kan. 2002) (citations omitted).

## III. ANALYSIS

This case raises the central issue of whether Dayton Machine had to consent before this action was removed to federal district court.  Plaintiff argues that since the affidavit of service for defendant had been filed in state court on December 1, 2004, defendant MD Tool had a duty to make sure all defendants had been joined in the notice of removal.  Furthermore, plaintiff argues that defendant MD Tool did not conduct a diligent search before filing the removal without Dayton Machine.  In response, MD Tool argues that since the affidavit of service was not electronically filed until December 15, 2004 and because Dayton Machine was a company that had wound up its affairs, defendant did not have to join Dayton Machine.  As a legal matter, the court recognizes that defendant Dayton Machine had been served on December 1, 2004.  The only remaining issue is whether MD Tool exercised reasonable diligence to determine whether service had been rendered.

In Milstead Supply Co v. Casualty Ins. Co., 797 F. Supp. 569, 573 (W.D. Tex. 1992), the court found the moving party was reasonably diligent because it had inquired to the court whether a return of service had been filed.  Id. at 573.  At the time of the inquiry, no notice had been filed.  Id.  However, three hours before the defendant filed the actual notice of removal, the return of service had been filed.  Id.  The court reasoned that the moving defendant was reasonably diligent and a contrary finding would violate the spirit and purpose of the statute.  Id.  Similarly, in Laurie v. National Railroad Passenger Corporation, 2001 WL 34377958 (E.D. Pa. March 13, 2001), the court adopted the rule that a moving party should "obtain consent only from those co-defendants who it knew or should have known, in the exercise of reasonable diligence

5

had been served." Id. at *1. Since Amtrak had checked the docket repeatedly and called the clerk's office on several occasions to determine whether proof of service had been filed, the court found Amtrak had been reasonably diligent. Id. at *1. Neither co-defendants had entered an appearance or filed an answer. Id.

In contrast, another line of cases have found similar efforts to be insufficient evidence of reasonable diligence. In Pianovski v. Laurel Motors, Inc., 924 F. Supp. 86 (N.D. Ill. 1996), the court found that a phone call to the clerk's office and inquiry to the docketing clerk of the law firm was not sufficient to constitute diligence. Id. The court stated that the moving defendant should have attempted to contact the other defendant. Id. at 87. Similarly in Keys v. Konrath, 1994 WL 75037 (N.D. Ill. March 10, 1994), an Illinois district court declined to apply the reasoning of the Milstead court. Rather, it found that the attorney did not exercise reasonable diligence when he failed to ask one of the defendants he represented whether he had been served. Id. at *2.

In reviewing the cases, the court finds the facts and reasoning in Keys to be most analogous to this case. For several reasons, the court finds that MD Tool should have known that plaintiff served Dayton Machine. First, MD Tools had relatively easy access to this information. Since MD Tool had recently acquired Dayton Machine and because Dayton Machine is represented by the same counsel in this action, MD Tool could have easily contacted the "unserved" defendant to determine whether service had been completed. See id. at *2. Second, the moving party is likely to obtain reliable information from its client. It is generally assumed that a party's own client will be forthcoming about such things as whether service is executed. Third, a moving party is generally aware that the court docket may not be up to date. Delays are

6

commonplace and typically do not affect the running of statutory time limits.  MD Tool was aware of delays in court filings from its own service.  Although plaintiff served MD Tool on November 8, 2004, the court did not record the return of service until November 16, 2004.  Finally, the court's reasoning provides a brightline.  Since the moving party is required to contact only its own client, there is no danger of any overly broad due diligence requirement.  MD Tool's argument that it "did not know" is inadequate because it <u>should have known</u> through reasonable diligence.  Thus, in cases such as this where a party is seeking to determine if a recently acquired company and present client has been served, the moving party exercises reasonable diligence by contacting the co-defendant.

Plaintiff's reliance on <u>Bogner</u> is misplaced.  <u>Bogner v. Ace Forms, Inc.</u>, No 88-2170-S, 1988 WL 135145 (D. Kan. Nov. 23, 1988).  While the spirit and purpose of the removal statute is served by ensuring that the moving party does not have to call every defendant before filing a notice, this principle is not applicable when the moving party acquires the served defendant and the moving party's counsel represents them in the federally filed action.

In the alternative, MD Tool argues that Dayton Machine is a dissolved corporation.  A corporation, even if dissolved, is governed by the laws of the state in which it is incorporated.  Fed. R. Civ. P. 17(b).  <u>See also</u> <u>Brown v. Kleen Kut Mgf. Co.</u>, 238 Kan. 642, 646, 714 P.2d 942, 945 (1986) (noting that Ohio law permits an action brought within a reasonable time after a corporation's dissolution).  Ohio law governs Dayton Machine and those laws permit a dissolved entity to be sued.  <u>Diversified Property Corp. v. Winters Nat'l Bank and Trust Co.</u>, 234 N.E. 2d 608, 610 (Ohio Ct. App. 1967); Ohio Rev. Code Ann. § 1701.88 ("Any claim existing or action or proceeding pending by or against the corporation or which would have accrued against it may

7

be prosecuted to judgment, with right of appeal as in other cases..."). As a result, plaintiff may bring an action against Dayton Machine.

Consequently, the court finds that MD Tool violated the rule of unanimity by not obtaining consent from Dayton Machine before filing the notice of removal. Although MD Tool took a number of steps to determine if a return of service had been filed with Dayton Machine, MD Tool did not exercise reasonable diligence. Even if the court were to find that MD Tool exercised due diligence, MD Tool violated the first served rule because it did not amend its notice of removal to include Dayton Machine until thirty days after the first party was served. Based on the first served rule in Kansas, MD Tool's motion to amend is not timely. More than 30 days passed since the plaintiff served MD Tool. If the court were to permit the amended notice of removal, then the court would be permitting a party to remove nearly two months after the first defendant was served. Extending the clearly defined time limits set out in federal law would obscure party expectations and render regulating the court's docket unmanageable.

IT IS ACCORDINGLY ORDERED this 16th day of May, 2005, that the court grants plaintiff's Motion to Remand (Dkt. No. 9).

IT IS FURTHER ORDERED that the court grants plaintiff's Motion to Strike (Dkt. No. 19).

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE